■ CHARLES R. WOOD, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 53307.) — Appeal from a judgment in favor of claimant, entered June 20, 1973, upon a decision of the Court of Claims. Claimant was the owner of 63 acres of land in the Town of Queensbury, Warren County, when, in 1968, the State appropriated 4.475 acres thereof pursuant to section 30 of the Highway Law. The property was zoned commercial to a depth of 1,500 feet south of its frontage on Aviation Road, and the major parcel taken comprised about 2.95 acres and served to reduce claimant's frontage on Aviation Road from 603.8 feet to 246.8 feet. The end result of the appropriation was to dissect and break up claimant's heretofore contiguous property because of the relocation of a new and widened Aviation Road. In its decision, the court below agreed with the experts for both parties in concluding that the subject property had separate areas of value. At the claimant's urging, it afforded separate recognition to the then existing Aviation Road frontage and held that that section, to a depth of 200 feet, had substantially higher commercial potential than the land further to the rear, which was, nonetheless, found suitable for large-scale commercial development. Its ultimate award to claimant totaled $122,430, all of which constituted direct damages for the property taken. On this appeal, the State contends that, since claimant's usable commercial frontage was increased over 200% as a result of the taking and reconstruction of the relocated road, the value of claimant's property was thereby increased and *it was error not to set off this benefit against the direct damages.* We disagree. This argument has only recently been rejected in *Chiesa* v. *State of New York* (43 A D 2d 359, 361), wherein such a setoff was found to be an "unconstitutionally discriminate exercise of taxing power" because it would favor a neighboring property owner who suffers no loss of land and yet reaps the benefit of the public improvement which prompted the taking. The State's further contention, that it was error to award damages based upon an increased value for the frontage land rather than upon the value of the rear development land since the amount of claimant's usable frontage had not been reduced by the taking, is similarly without merit. Reliance by the State upon *Matter of City of New York (Parlex Holding Corp.)* (255 N. Y. 25, mot. for rearg. den. 255 N. Y. 602, cert. den. 283 U. S. 860); *Remsen* v. *State of New York* (33 A D 2d 615, affd. 30 N Y 2d 688) and *Barmann* v. *State of New York* (28 A D 2d 938) is inapposite because in those cases frontage was not permanently taken, but merely shifted backward, and, in the instant case, claimant undeniably lost 357 feet of frontage on the then existing Aviation Road. Furthermore, the court properly applied the before and after market value rule in its determination of damages (cf. *Acme Theatres* v. *State of New York,* 26 N Y 2d 385) and any reduction thereof because of any new frontage acquired on the relocated road must be rejected on the rationale of *Chiesa* v. *State of New York (supra),* discussed above. The remaining arguments advanced by the State are likewise unpersuasive. Contrary to its contention, the record establishes that claimant's appraiser did make adjustments of his comparable sales in comparing them to the subject property. Also, while he used only gas station land sales to value the frontage property, that approach is supported by his determination, which was adopted by the court, that that section was best suited for a motorist oriented business, and there was no showing that

the area was "already saturated with gas stations" as claimed by the State. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Kane, Main and Reynolds, JJ., concur.